■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE LAGANA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 1, 1973, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. Defendant was convicted of manslaughter in the first degree as a lesser included charge, following his trial on an indictment for murder. In our opinion, the evidence adduced at the trial was legally insufficient to warrant the conviction and hence the indictment must be dismissed (CPL 470.20, subd. 2). The evidence was wholly circumstantial. The decedent died as the result of gunshot wounds inflicted on the sidewalk in front of a discotheque in Brooklyn at about 1:45 A.M. on August 3, 1970. Defendant fled from the scene in a vehicle. He was bleeding profusely from his face at the time from injuries which he might

have received in an earlier fight with the decedent. When found, he was incoherent and only semiconscious. A revolver, whose bullets when fired contained a twist of the same type as bullets removed from the decedent's body (all had eight right twist lands and grooves) and from which six bullets had been discharged, was found three blocks from the scene along the route which defendant's vehicle had passed. Police officers who had had the vehicle under their observation at that time did not see anything thrown from the car. An unidentified person at the scene was observed running away after the shooting in the direction of the place at which the gun was found. A witness who had observed the earlier fight could not make an in-court identification of defendant and was no longer certain that she was correct when, on the day of the shooting, she identified defendant in a hospital room as the person who had fought with the decedent. In a circumstantial evidence case, the facts from which the controlling inferences are drawn must themselves have been proved and not presumed (see *People* v. *May*, 290 N. Y. 369, 371; *People* v. *Lewis*, 275 N. Y. 33, 39; *People* v. *Razezicz*, 206 N. Y. 249, 269; *People* v. *Kennedy*, 32 N. Y. 141, 145–146). Phrased otherwise, the circumstances must be based upon clear and convincing evidence and not conjecture (see *People* v. *Foley*, 307 N. Y. 490, 492–493; Richardson, Evidence [9th ed.], § 152). The proof in this case did not meet these standards. The People sought to prove a motive by showing that the decedent had inflicted the cuts on defendant's face. However, no witness who had seen the fight testified, although the proof established that at least one other person who had been in the decedent's company was present when the fight took place. Further, the police sought to show that the murder weapon had been found abandoned at a point passed by defendant's car. Even were it assumed that the revolver received in evidence was that weapon, it is merely presumptive that it was abandoned by defendant and not by someone else. The proof of flight is merely equivocal circumstantial evidence (see *People* v. *Yazum*, 13 N Y 2d 302, 304; *People* v. *Fiorentino*, 197 N. Y. 560, 567–568). Such evidence cannot take the place of substantive evidence, particularly in this case in which the proof indicated that other persons also fled from the scene after the shots were fired. Taken as a whole, the evidence did not overcome the danger in the use of circumstantial evidence noted in *People* v. *Cleague* (22 N Y 2d 363, 367): " The danger, therefore, with the use of circumstantial evidence is that of logical gaps — that is, subjective inferential links based on probabilities of low grade or insufficient degree — which, if undetected, elevate coincidence and, therefore, suspicion into permissible inference." We note that error was committed when a police officer was permitted to testify, over objection, that a witness had made an earlier identification of defendant as the person who had fought with the decedent prior to the shooting. We have previously observed that the enactment of CPL 60.25 has not abrogated the rule of *People* v. *Trowbridge* (305 N. Y. 471), which states that an identification made by an eyewitness cannot be bolstered by the testimony of another witness of the former's previous identification (*People* v. *Rosati*, 39 A D 2d 592; *People* v. *Nival*, 41 A D 2d 777). That statute, insofar as pertinent, merely permits, in certain delineated circumstances, testimony that a person previously observed and recognized by an eyewitness is the defendant. It does not permit another witness to bolster the previous identification by testifying that the eyewitness had named the defendant as the perpetrator. Rabin, P. J., Latham, Christ and Munder, JJ., concur.