Jasen, J.
Defendant was indicted for murder arising out of the shooting death of Joseph Pendolino. Following a trial, he was found guilty of manslaughter* first degree, which had *73 been submitted to the jury as a lesser included crime. The Appellate Division, holding that the evidence adduced at trial was legally insufficient to warrant a conviction, reversed the judgment of conviction and dismissed the indictment.
The evidence against defendant was wholly circumstantial. Viewed most favorably to the People, the evidence shows that shortly before Pendolino was shot on August 3, 1970, he and defendant were involved in an altercation at a club in which defendant sustained serious cuts. Defendant’s participation in this fight was acknowledged by Nicholas Conte, one of his own witnesses. Sometime later, defendant was seen leaving the club and entering his automobile, which he drove back to the front of the building housing the club. He double-parked the car, got out and walked in front of it. While no one could identify defendant as the person who fired the shots, one witness, Marie Greco, testified that the man standing in front of the double-parked car had his hand extended when the shots were fired and that the shots appeared to be coming from that man. There was extensive evidence of defendant’s flight from the scene, including testimony that the blood-stained car driven by defendant failed to stop when police officers several times tried to wave it down, that he attempted to elude police by turning off his lights, that he abandoned his car, scaled a fence, and crawled away, and that he was found hidden under another vehicle. Three hours after the shooting, a pistol was found on the route of defendant’s flight from the scene. While this gun marked its bullets in the identical fashion as bullets extracted from the deceased, the ballistics experts could not testify that the bullets found in the deceased necessarily came from that gun. Additionally, one witness, Margaret Zaccario, who had been with the deceased at the club, although not able to identify defendant at trial, did pick defendant out of a room in a hospital ward containing six persons an hour and one-half after the shooting and identified him as the man with whom the deceased had argued earlier in the evening. This identification was made in the presence of Detective O’Brien, who at trial testified concerning this earlier identification.
We have many times held, and have recently reiterated, that for a conviction based exclusively upon circumstantial evidence *74 to stand, the hypothesis of guilt should flow naturally from the facts proved, and be consistent with them, and that the facts proved must exclude to a moral certainty every reasonable hpyothesis of innocence. (People v. Benzinger, 36 N Y 2d 29; People v. Williams, 35 N Y 2d 783; People v. Borrero, 26 N Y 2d 430, 434-435; People v. Cleague, 22 N Y 2d 363, 365-366.) We think the evidence here meets that test. The People’s evidence establishes motive, places the defendant at the scene of the crime at the time of the shooting, supports the conclusion that he fired the shots, and demonstrates clearly defendant’s flight from the scene. From all the evidence, the jury could have found beyond a reasonable doubt that the defendant did shoot the decedent with the requisite intent.
The Appellate Division also noted that error was committed when a police officer was permitted to testify, over objection, that a witness had made an earlier identification of the defendant as the person who had fought with the decedent prior to the shooting. Our holding in People v. Nival (33 N Y 2d 391) makes it clear that CPL 60.25 overrules the effect of People v. Trowbridge (305 N. Y. 471) by permitting the fact of the prior identification to be established by the testimony of another person when the identifying witness is unable to make an identification at trial. Detective O’Brien’s testimony that Margaret Zaccario had identified the defendant at the hospital was in conformity with CPL 60.25, and, accordingly, the Appellate Division’s holding to the contrary, made before our decision in People v. Nival (supra), was incorrect.
Since the Appellate Division’s reversal was on the law alone, we reverse and remit to the Appellate Division for determination of the facts. (CPL 470.40, subd. 2, par. [b]; 470.25, subd. 2, par. [d].)
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed and case remitted to Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.