■ SOPHIA TSAVARIS, Respondent, v NIKITAS TSAVARIS, Appellant.—In an action in which the plaintiff wife was granted a judgment of divorce by the Supreme Court, Queens County, dated January 9, 1975, defendant appeals, as limited by his brief, from so much of the judgment as (1) directed defendant to pay $15,000 to plaintiff and (2) awarded plaintiff alimony, child support, a counsel fee and exclusive occupancy of the marital apartment. Judgment modified, on the law and the facts and in the exercise of discretion, by (1) deleting therefrom the direction that defendant pay $15,000 to plaintiff, (2) reducing the award of alimony from $35 per week to $30 per week, the award of child support for the parties' two infant sons from $75 per week to $20 per week and the award of a counsel fee from $2,500 to $1,250, and (2) adding thereto a provision that the alimony and child support payments shall be made independently of Social Security payments earmarked for plaintiff and the children and that $1,025 of the counsel fee payment shall be returned to plaintiff as reimbursement of such amount previously paid by her to her counsel. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, and particularly in view of the serious and permanent disability of defendant, the awards of alimony and child support were excessive to the extent indicated herein. Further, the counsel fee award was excessive to the extent indicated herein. There was no warrant for the direction that defendant pay plaintiff any part (the $15,000) of the net proceeds awarded to defendant for the injuries suffered by him in his disabling accident. Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.

## (June 10, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO GARCIA, Appellant.—Two judgments of the Supreme Court, New York County, Centralized Special Narcotic Part, both rendered March 20, 1973, affirmed. No opinion. The case is remitted to the Supreme Court, Kings County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Rabin, Acting P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE LAGANA, Appellant.—Upon and after remand by the Court of Appeals (People v Lagana, 36 NY2d 71, revg. 43 AD2d 834), judgment of the Supreme Court, Kings County, rendered February 1, 1973, affirmed. No opinion. Rabin, Acting P. J., Latham, Christ and Munder, JJ., concur.