■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH C. KEITT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 18, 1975, convicting him of robbery in the first degree and possession of a weapon, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Cohalan, Rabin and Titone, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and dismiss the indictment, with the following memorandum, in which Hopkins, Acting P. J., concurs: In my opinion the People failed, as a matter of law, to establish defendant's guilt beyond a reasonable doubt. The uncontradicted evidence at the trial shows that, at 9:15 P.M. on June 17, 1974, two male Negroes robbed a Good Humor man in his ice cream vending truck near 45 Street and Beach Channel Drive in Far Rockaway. One of the men pointed a pistol at the victim while the other searched him and took his keys, handkerchief, lighter, a wallet containing papers and $80 in bills, a coin changer, plus some $30 or $35 in coins, and his "lucky piece" (a metal coin or medal bearing the words "lucky buck"). The robbers ran away from the Good Humor truck and were pursued by some young men from the neighborhood. One of the robbers turned and fired a shot at Rene Cintron, one of the young men, from a distance of 10 feet, but missed him. Robert Rothenberg, another of the young men, ran around a corner and saw an automobile about a block away back up fast and then drive off. The car was a Buick Century, with a very dark blue body and a white vinyl top.

Rothenberg, who did not see its license plate, said that it looked to him to be a 1973 model. The police arrived in an unmarked car; Cintron and Rothenberg got into it and cruised around looking for the Century and the man who had shot at Cintron. Some 15 minutes later, Rothenberg saw a 1974 Buick Century near the Red Fern housing project, about two and one-half to three miles from the scene of the crime. The police followed the Century, which turned a corner and pulled over to the curb. The police car pulled alongside of it and, seated in the car, Cintron saw the man who had shot at him. (In court he identified the man as the codefendant, James G. Howard. Cintron did not observe the driver of the Century when Howard fired at him.) One man got out of the car and fled. Police Officer Stanton got out, went to the Century, arrested Howard and searched him. The officer found a round piece of metal with the words "lucky buck" on it in Howard's left hand and a revolver tucked in the back of his trousers. He handcuffed Howard and then noticed a wallet on the ground by Howard's left foot. Stanton then entered the car and, on the front seat next to the driver, he found a white towel containing $49.20 in coins. He identified defendant Keitt in court as the man who was driving the Century when he stopped it; Stanton testified "He [Keitt] was driving the perpetrators of the crime when I saw him." Keitt told Stanton that he had not committed the robbery. The revolver, which contained five live rounds and one spent shell, was received in evidence, as were the "lucky buck" and the wallet, which contained papers but no bills. Stanton found $8 in bills on Howard and $41 in bills on Keitt. At the stationhouse Keitt produced papers showing that the Century had been rented to him. Stanton said that the boys identified Howard as the man they had chased, but they said that they did not see the driver of the Century when they first saw that vehicle drive away. Cintron testified that defendant was not one of the two men he chased and Joseph Di Figlia, the Good Humor man, who knew Keitt from the neighborhood, having sold him ice cream 100 times during the past three years, said that he was not one of the two robbers. He identified the "lucky buck" and the wallet with its contents as his. Thus, the only proof against defendant is that, about 15 minutes after the robbery, he was driving an automobile which had been identified by some witnesses as being two blocks from the place of the robbery. At the time of his apprehension, defendant had no contraband on him and the search of his person revealed only some unidentified dollar bills. The change which was found in the front seat of the automobile was not in any way, except by surmise, connected with the robbery. The gun was found on the person of codefendant Howard; possession of the gun could therefore not be charged to defendant under the presumption rule. As I read the record on this appeal, there is just no legal proof—as distinguished from perhaps justifiable suspicion—that defendant was the driver of the getaway car or, even assuming that he was, and there is no such proof in the record, that he knew that Howard and the man who got away had engaged in a robbery. The circumstantial facts from which the inference of guilt is sought to be drawn do not exclude to a moral certainty every reasonable hypothesis other than guilt (see *People v Bearden,* 290 NY 478, 480; *People v Lagana,* 36 NY2d 71). Upon the whole case, therefore, the judgment of conviction, so far as this defendant is concerned, rests upon surmise, suspicion and conjecture and should be reversed.