THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PURDY, Appellant.

First Department, April 24, 1980

### APPEARANCES OF COUNSEL

*Melvin N. Borowka* of counsel *(Borowka, Golomb & Muchnick,* attorneys), for appellant.

*Steven R. Kartagener* of counsel *(Mario Merola, District Attorney,* attorney), for respondent.

### OPINION OF THE COURT

SILVERMAN, J.

Defendant appeals from a judgment of conviction, on his plea of guilty of assault in the first degree (Penal Law, § 120.10) on which he has been sentenced as a second felony offender to an indeterminate term of imprisonment of 6 to 12 years.

Following his arrest, defendant, after appropriate *Miranda*

warnings, made a partially exculpatory statement to a police officer, Detective McGarry, in which he said that although he was present at the scene of the criminal incident and shot the victim, this was done in defense of himself and his nephew. Later that afternoon, defendant was brought to the District Attorney's office where he had a video-taped conversation with an Assistant District Attorney. After being again apprised of his *Miranda* rights, defendant stated that he wished to speak with an attorney before he answered any questions. The Assistant District Attorney thereupon suspended all questioning. Nine minutes later, defendant and the Assistant District Attorney resumed the video-taped conversations, defendant having apparently changed his mind about making a statement.

At the suppression hearing, the court suppressed all of the statement made to the Assistant District Attorney, except the following three questions and answers:

"Q. After we went off the record, you told me what you told the police was what happened and you just wanted to rest on that.

"A. Yes.

"Q. You had a conversation with Detective McGarry, is that correct?

"A. Yes it is.

"Q. And you told him basically what happened?

"A. Yes, I did."

This was indeed almost all that defendant said to the Assistant District Attorney relating to the facts of the crime.

There was apparently no motion to suppress defendant's statement to the police officer. But as is now conceded in the light of *People v Cunningham* (49 NY2d 203), the court erred in denying the motion to suppress the statements made to the Assistant District Attorney. In *People v Cunningham (supra,* p 204) the Court of Appeals stated, "once a suspect in custody requests the assistance of counsel, he may not be questioned further in the absence of an attorney."

We must determine whether, because of the error in denying the motion to suppress these three quoted answers, the plea of guilty must be set aside. It is our view that these statements were so innocuous, particularly in the context of this case, that they do not require the reversal of the conviction and setting aside the plea of guilty. We think that if

there is any room for the doctrine of harmless error in relation to the effect of an improper denial of a motion to suppress on a plea of guilty, this case constitutes such harmless error.

Whether the defendant testified or not, his statement to the police officer would be admissible in evidence. If the defendant did not testify, his statement to the police officer would stand uncontradicted, and nothing would be added to it by the fact that the defendant had told the Assistant District Attorney that he rested on what he had told the police officer. If the defendant testified, then of course not only would the three quoted answers to the Assistant District Attorney be admissible by way of impeachment, but so would the rest of the videotaped statement. Whether or not the defendant testified, if he somehow wished to attack the accuracy of the police officer's report of the defendant's statement to the police officer, the quoted answers to the Assistant District Attorney would not be inconsistent with such an attack. These answers after all did not repeat the substance of the statement to the police officer. They merely said that what he had told the police officer was what happened. They did not say what it was he told the police officer.

The Court of Appeals recently observed, with respect to admissibility of an out-of-court statement by a codefendant, that such a statement "may be of no measurable consequence in the face of the overwhelming and largely uncontroverted evidence contained in the interlocking confession of the defendant himself" *(People v Berzups,* 49 NY2d 417, 425). In the present case, the nonexcluded answers to the Assistant District Attorney are also of "no measurable consequence" in the face of the admissible statement to the police officer, and in the face of the following additional facts bearing on his motivation to enter a plea of guilty with a promised 6 to 12 years' sentence: There were three eyewitnesses to the crime who would testify to defendant's guilt. Defendant faced a possible conviction for attempted murder, and almost certain persistent felony offender treatment; he had been previously convicted four times of felonies. As the Trial Justice observed, "if there was ever a record in which persistent felony was indicated, this is the case."

There is no suggestion in the record that the denial of the motion to suppress, and particularly as to the three answers to the Assistant District Attorney, in any way motivated the

appellant to plead guilty. The ruling on the motion to suppress was made on February 10, 1978. Thereafter, the defendants pressed a motion to sever the trial of the two defendants. On February 14, 1978, the court granted that motion on the ground that an out-of-court statement by the codefendant, appellant's nephew, would prejudice this appellant if a joint trial were held. On that day, the nephew withdrew his plea of not guilty and entered a plea of guilty to a lesser crime, but appellant did not. The case then went to trial against appellant, at least to the point of *voir dire* of the prospective jurors on February 16, 1978. It was after that *voir dire* that appellant withdrew his plea of not guilty.

The argument that the Judge's conduct at the hearing was improper and prejudiced is not sustained by the record.

The judgment of the Supreme Court, Bronx County (ZIMMERMAN, J.), rendered April 25, 1978, convicting defendant, on his plea of guilty, of assault in the first degree (Penal Law, § 120.10) and sentencing him as a second felony offender to an indeterminate term of imprisonment of 6 to 12 years, should be affirmed.

SULLIVAN, J. (dissenting). "[W]hen a conviction is based upon a plea of guilty an appellate court will rarely, if ever, be able to determine whether an erroneous denial of a motion to suppress contributed to the defendant's decision, unless at the time of the plea he states or reveals his reason for pleading guilty." *(People v Grant,* 45 NY2d 366, 379-380.) Notwithstanding the majority's reliance on the doctrine of harmless error, I believe that the absence of any suggestion by defendant as to why he pleaded guilty, or at least of a showing of overwhelming evidence of guilt, precludes this court from concluding that the instant case is the rare situation where an erroneous denial of a motion to suppress did not contribute to the decision to plead guilty.

Defendant made two statements after his arrest. The admissibility of the first, to Detective McGarry, was never challenged by a motion to suppress. The second, made to an Assistant District Attorney and video-taped, was. As is conceded, the taking of the second statement violated the rule established in *People v Cunningham* (49 NY2d 203, 205) "that an uncounseled waiver of a constitutional right will not be deemed voluntary if it is made after the right to counsel has been invoked."

An error of constitutional proportion cannot be deemed harmless if a reasonable possibility exists that its commission might have contributed to the conviction *(People v Crimmins,* 36 NY2d 230, 240, 241) or, as in this case, to the plea *(People v Ramos,* 40 NY2d 610, 618-619). In *People v Grant (supra,* p 377) the Court of Appeals noted "[i]n no case where the defendant has pleaded guilty have we held that an erroneous denial of a pretrial motion to suppress was harmless" (citing *People v Ramos, supra,* pp 618-619). In *Ramos* the court, in considering the impact of error in admitting excludable evidence, conceded that certain cases may not require reversal, but emphasized that "a confession is a most serious matter in the trial of a criminal case" and stated "[i]t is enough * * * to note that the confession was a likely factor which might have induced the plea and might have affected substantially a verdict upon a trial." *(Id,* at pp 618-619.)

Although the majority believes that a reasonable possibility that the denial of a motion influenced defendant is nonexistent, a fair assessment of his situation at the time he pleaded could also lead to the conclusion that it would be speculative to rule out the refusal to suppress as a contributing factor to the plea. Defendant's reaffirmation to the Assistant District Attorney of his earlier statement to Detective McGarry must be viewed as at least a possible factor which might have induced the plea. We are unable to balance the statement against the rest of the People's evidence in assessing the harmlessness of the error since defendant, unlike *Grant,* did not plead guilty during trial after the People had rested their case. Significant too, as it was in *Grant (supra,* at p 379), is that in pleading guilty defendant did not waive his right to appeal. Obviously, even if successful on appeal on the issue of the statement's admissibility, he would face a trial where he would have to confront all of the People's other evidence, a prospect which apparently does not faze him. In fact, defendant attempted to withdraw his plea at the time of sentence. This certainly does not convey the impression that he pleaded guilty because of a feeling of helplessness in the face of overwhelming evidence of guilt. While we should not close our eyes to the possibility that defendant may have been attempting to manipulate the system to avoid the inevitable, nevertheless he is entitled to certain procedural protections which cannot be denied him. As likely a reason as any for his plea is that, although under certain conditions willing to risk a trial,

defendant was deterred by the prospect of the admission of two potentially damaging statements which would conflict with any defense he might seek to raise. Consequently, he pleaded in search of a bargain.

It is always a defendant's option after an adverse ruling on a suppression issue to proceed to trial or accept a still-available plea offer. The advantage in deferring acceptance of the plea offer until after a ruling on the motion to suppress is obvious. It preserves for appellate review the suppression issue. (CPL 470.05, subd 2.) It also gives a defendant the opportuntiy to assess the strength of the People's case.

If defendant had chosen to go to trial he would be locked into a defense of justification to a shooting which stemmed from a narcotics transaction. For all intents and purposes, he could not disavow the substance of the statement made to Detective McGarry because, on the same day he made the statement he was given an opportunity (albeit tainted) to make a subsequent statement, and he instead reaffirmed his original story. Consequently, any attempt to extricate himself at trial from the narrow confines into which he had straitjacketed himself would have been folly. He may well have viewed a plea as his only viable alternative. This analysis is offered not as a conclusive hypothesis, but rather as an alternative explanation for defendant's plea.

The test here is similar to the test in a circumstantial evidence case, where the elimination of every reasonable hypothesis but guilt is required. *(People v Lagana,* 36 NY2d 71, 73-74.) We should rule out every reasonable possibility that the denial of the suppression of defendant's statement contributed to the plea. Unlike a circumstantial evidence case, however, we have no evidence to weigh, but only defendant's thoughts which, unfortunately, are not preserved for our review since he did not share them with the trial court. Under such circumstances, I do not believe that we can preclude as a reasonable possibility that he was not influenced by the denial of his motion to suppress.

Accordingly, the judgment should be reversed, defendant's entire statement to the Assistant District Attorney suppressed, the plea vacated, and the matter remanded for further proceedings.

SANDLER, J. P., LUPIANO and CARRO, JJ., concur with SILVERMAN, J.; SULLIVAN, J., dissents in an opinion.

Judgment, Supreme Court, Bronx County, rendered on April 25, 1978, affirmed.