OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be affirmed.
Viewed in a light most favorable to the People, the evidence adduced at trial was sufficient to establish defendant’s commission of aggravated disorderly conduct (Penal Law § 240.21).
Defendant’s claim that the statute violates the due process and establishment clauses of the United States Constitution (US Const 14th and 1st Amends) has not been preserved for our review. Defendant did not move pursuant to CPL 170.30 (1) (a) and CPL 170.35 (1) (c) within the time prescribed by CPL 170.30 (2) and CPL 255.20 (1) for dismissal of the accusatory instrument (compare, People v Bakolas, 59 NY2d 51, 53), and indeed never made her position on this issue known to the trial court before, during or after the trial. As we noted in People v Thomas (50 NY2d 467, 473), "the rule requiring a defendant to preserve his points for appellate review applies generally to claims of error involving Federal constitutional rights”. The rule was applied in People v Dozier (52 NY2d 781, 783) to foreclose a constitutional challenge to the statute defining third degree rape (Penal Law § 130.25 [2]) based on alleged discrimination on account of sex and violation of due process because it eliminates the mens rea element (another constitutional challenge to the statute, which was properly raised, was considered and rejected) (see also, People v Drummond, 40 NY2d 990, cert denied sub nom. New York v Luis J., 431 US 908).
We have examined defendant’s remaining contention and find it to be without merit.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.