■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MORALES, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered January 3, 1989, convicting defendant, after a jury trial, of manslaughter in the first degree (Penal Law § 125.20 [2]) and sentencing him, as a persistent felony offender, to an indeterminate term of imprisonment of 25 years to life, unanimously affirmed.

The evidence established that at 9:45 A.M. on the day of the homicide, two building superintendents observed the deceased, Luis Gomero, inside his first-floor real estate office. At about 10:30 A.M., one of the superintendents again passed by the office and observed the defendant with Gomero. One hour later, the same superintendent walked into the real estate office and discovered Gomero on the floor. Police responded within minutes. Neither police nor the superintendent ob-

served a gun on the premises. A business associate of the victim testified at trial that the victim had an ongoing dispute with the defendant, that he had known Gomero for 10 years, and saw him daily, and that he had never seen Gomero with a gun. The superintendent, who was acquainted with Morales, directed police to him.

Evidence was further adduced that some three days after the death, the defendant called the real estate office, asked to speak to Gomero, and expressed surprise upon being told that Gomero had been killed.

When the defendant was arrested, a .38 caliber gun was recovered from his jacket pocket and six live rounds were recovered from his pants pocket. Ballistics evidence indicated that the gun had been discharged in two chambers, and although a positive comparison between the test bullets and bullets recovered from the body could not be made, they were consistent. Defendant told police that on the morning of the homicide, between 10:00 and 11:30 A.M., he was in Gomero's office discussing a $600 debt. However, defendant denied that he killed Gomero. After police informed the defendant that the bullets from his gun matched bullets recovered from the body, defendant stated that he had an argument with Gomero, that Gomero pulled a gun and that he had shot Gomero.

Defendant has failed to preserve as a matter of law (CPL 470.05 [2]) his challenge to the court's charge to the extent that the charge instructed the jury on the defense of justification. At the end of the initial charge, the court asked counsel if he had any exceptions to the charge, trial counsel stated that he had no objections to the charge and requested only that the court again instruct the jury that the justification defense applied to all homicide charges. The court provided this supplemental instruction and counsel neither objected nor requested additional instructions or clarifications. Defendant therefore has waived review of the charge. *(People v Hoke,* 62 NY2d 1022 [1984].)* Nor has defendant preserved any constitutional claims by appropriate objection. *(People v Iannelli,* 69 NY2d 684, 685 [1986], *cert denied* 482 US 914 [1987].)* Defendant's challenge to the verdict sheet, on the basis that it did not mention the justification defense, also is unpreserved as a matter of law. *(People v Mathis,* 150 AD2d 613, *lv denied* 74 NY2d 814 [1989].)* However, we note that the court's justification charge properly conveyed the legal principles. *(People v Coleman,* 70 NY2d 817, 819 [1987].)* Also, CPL 310.20 (2) provides that the verdict sheet may contain "the offenses submitted to the jury by the court in its charge and the

possible verdicts thereon." This section makes no reference to inclusion of defenses.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ.