■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAEFORD HESTOR, Appellant

Police officers responding to a radio run of an apartment burglary, at approximately 3:00 A.M., apprehended defendant, who fit the radioed description of the burglar, within four blocks of the burglary scene. The complainant identified defendant at a contemporaneous showup, but was unable to positively identify him at trial because defendant no longer wore the mustache and beard concededly worn at the time of his arrest. However, the complainant identified defendant's arrest photograph.

Defendant's claims of improper bolstering of the complainant's identification testimony are meritless. Initially, defense counsel's mid-sentence objection to the arresting officer's testimony that the complainant made an identification at the arrest scene was sustained by the trial court. The court then gave a detailed instruction to the jury that the testimony be stricken, which instruction is presumed to have been followed (People v Canty, 60 NY2d 830). Thereafter, testimony of two officers that defendant was arrested following brief discussion with the complainant at the scene was properly admitted in view of the complainant's inability to positively identify defendant at trial due to defendant's conceded changed appearance (CPL 60.25; People v Lagana, 36 NY2d 71).

We perceive no abuse of discretion by the trial court in denying defendant's application for a one-day adjournment, just prior to summations, to allow further efforts to obtain the presence of two proposed character witnesses. This application followed the previous grant of an overnight recess for that purpose, the failure of the two proposed witnesses to appear at the scheduled time or within one and one-half hours thereof, and the court's assurance that the proposed witnesses would be given the opportunity to testify if they appeared after summations but prior to the court's charge to the jury (see, e.g., People v Singleton, 41 NY2d 402). Concur—Sullivan, J. P., Milonas, Ellerin and Kupferman, JJ.