■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CALIA, Appellant.—Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered May 18, 1990, convicting defendant of assault in the second degree and sentencing him to a term of imprisonment of 90 days and a concurrent term of probation of 5 years, unanimously affirmed.

Evidence at trial was that defendant and codefendants Pat Santoli and Fred D'Amico were the principal participants in a group attack upon three young men as they left a Manhattan dance club. As a result of blows administered to the face and body with a wooden board, one of the victims suffered a

broken jaw, a broken nose, fractured bones, and lacerations so severe that bone was exposed. That victim identified defendant as one of his attackers both at a showup procedure and at trial. Because one of the other victims was unable to positively identify defendant at trial due to lapse of time and change of appearance, the police officer who had conducted the on-the-scene showups properly testified, without objection, that defendant was identified by that witness through the showup procedure (see, People v Lagana, 36 NY2d 71, 74, cert denied 424 US 942). Additionally, defendant was observed in the act of dragging that victim along the ground by a police officer who had responded to the scene.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt of assault in the second degree, on an acting in concert theory, was overwhelmingly established (People v Bleakley, 69 NY2d 490). The jury's determination to credit the testimony of the People's witnesses and to discredit the testimony of defendant and codefendant D'Amico that they had no part in the altercation other than to defend themselves from attack, not unreasonable, will not be disturbed by this Court (see, e.g., People v Fonte, 159 AD2d 346, lv denied 76 NY2d 734).

The hearing court properly denied defendant's application to call either or both of the identifying witnesses at the Wade hearing for the purpose of probing the question of whether or not they simultaneously viewed the on-the-scene showups. As the hearing court noted, the circumstances herein allowed a less-than-ideal showup procedure in the interest of prompt identification where there was no evidence of police suggestiveness in selecting numerous subjects that fit the descriptions of the attackers from the surrounding crowd, and then merely asking them to walk past the victims (in or around a waiting ambulance), who each, in turn, identified defendant and codefendants Santoli and D'Amico (see, e.g., People v Love, 57 NY2d 1023, 1024-1025). Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Smith, JJ.