■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD WHARTON, Appellant.—Judgment of the Supreme Court, Bronx County (George Donald Covington, J.), rendered January 3, 1991, which convicted defendant, after jury trial, of criminal possession of a weapon in the fourth degree and

sentenced him to a definite term of imprisonment of 1 year, unanimously modified, on the law, to the extent of vacating the sentence imposed and remanding the matter for resentencing, and otherwise affirmed. The case is remitted to Supreme Court, Bronx County for further proceedings pursuant to CPL 460.50 (5).

The People charged that defendant gained entry to a Bronx social club and, once inside, displayed a toy gun and announced a stickup with a ski mask over his face. He was disarmed by club patrons, beaten and expelled. Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility (People v Bleakley, 69 NY2d 490, 495), defendant's guilt was proved beyond a reasonable doubt. The jury's verdict acquitting defendant of attempted robbery in the second degree does not require the conclusion that defendant did not intend to use the toy gun unlawfully.

Defendant challenges the court's ruling precluding introduction of hearsay testimony to show his state of mind upon entering the social club. Defendant was not, as the People contend, improperly attempting to construct a defense on the basis of an alleged statement of a third party who was not called to testify. We accept defendant's contention that this statement was offered only to demonstrate defendant's state of mind rather than for the truth of its contents, and the better course would have been to admit the evidence and instruct the jurors accordingly.

However, we find the error harmless. While the court sustained the objections of the prosecutor and excluded defendant's testimony, the jury heard, on more than one occasion, his allegation that the 11-year-old son of his friend had been asked by members of the social club to "run dope" or "run packages", and defense counsel made reference to it during her summation. Moreover, while defendant's state of mind is relevant to negate an intent to rob, it is entirely consistent with an intent to use the toy gun unlawfully against the patrons of the social club (Penal Law § 265.01 [2]). Defendant admits brandishing the gun, and the jurors were not bound to accept his explanation that he did so justifiably.

Defendant has failed to preserve his claim that the court failed to respond meaningfully to a jury note. Nor has defendant preserved any State or Federal constitutional claim (People v Iannelli, 69 NY2d 684, cert denied 482 US 914), and we decline to review in the interest of justice the objection

now raised. If we were to review, we would find that the supplemental instruction appropriately responded to the inquiry (CPL 310.30; *People v Almodovar,* 62 NY2d 126, 131).

Finally, we note the People's concession that defendant was sentenced illegally. Juxtaposing the 1989 provisions of Penal Law § 70.15 (1) with CPL 400.14 (1) (b) (iv) and (v), the maximum sentence for the present class A misdemeanor is six months.

Accordingly, the matter must be remanded to the trial court for resentencing in accordance with this ruling. Concur—Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.