■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN JOHNSON, Appellant. [602 NYS2d 15] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered April 4, 1991, convicting defendant, after jury trial, of robbery in the second degree and sentencing him, as a second felony offender, to a term of 4 to 8 years, unanimously affirmed.

Contrary to defendant's argument before the trial court and on appeal, the complainant did *not* testify that defendant was not one of the men who had robbed him, but repeatedly testified that he could not identify defendant at the time of trial because of changes in appearance between the time of the incident and the time of trial. Thus, the trial court properly admitted police testimony of the complainant's positive showup identification of defendant (CPL 60.25; *People v Lagana,* 36 NY2d 71, 74, *after remand* 48 AD2d 870, ·cert denied* 424 US 942).

Defendant failed to object to the trial court's jury charge regarding reasonable doubt and thus failed to preserve any claim of error for appellate review as a matter of law (CPL 470.05; *People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). In any event, despite the trial court's single use of the term "must", the charge as a whole properly conveyed to the jury that a reasonable doubt is one for which a juror "could" give a reason if called upon to do so in the jury room, and in no way reduced the People's burden of proof *(see, People v Jackson,* 155 AD2d 329, *affd* 76 NY2d 908).

Defendant's additional claims of error are unpreserved for appellate review as a matter of law (CPL 470.05; *People v Iannelli, supra*). Were we to review in the interest of justice, we would find them to be meritless. Concur—Murphy, P. J., Sullivan, Kupferman and Nardelli, JJ.