■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PANTOJA, Appellant. [616 NYS2d 33] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered July 1, 1991, convicting defendant, after non-jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt was proven beyond a reason doubt (People v Bleakley, 69 NY2d 490). Contrary to defendant's argument, a factual finding that the drugs in question were purchased

from an unknown individual or individuals during the short period of time that the buyers were obscured from the view of the observing officer would involve improper conjecture *(see, People v Castillo,* 47 NY2d 270, 277). The trial court's findings of fact and credibility are supported by the record and will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

Defendant's current claims that police testimony regarding general street narcotics operations was improperly admitted as prejudicially linking defendant with drug dealers in general, and without appropriate expert qualification, are unpreserved by objection (CPL 470.05). In any event, the testimony in question was offered by an officer with sufficient experience to be qualified as an expert, was limited, and was directed toward explaining the circumstances surrounding defendant's arrest, including the failure of the police to recover drugs from defendant *(see, People v Gonzalez,* 180 AD2d 553, 554, *lv denied* 79 NY2d 1001).

Likewise unpreserved are defendant's current claims of prosecutorial misconduct in summation (CPL 470.05; *People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). Were we to review in the interest of justice, we would find no basis for modification of the judgment. Concur—Sullivan, J. P., Carro, Wallach, Williams and Tom, JJ.