■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINO D'AMICO, Appellant. [745 NYS2d 722] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered August 6, 1997, convicting him of assault in the first degree (three counts), reckless endangerment in the first degree, criminal possession of a dangerous weapon in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 12½ to 25 years' imprisonment on each conviction of assault in the first degree and criminal possession of a dangerous weapon in the first degree, 2⅓ to 7 years' imprisonment on the conviction of reckless endangerment in the first degree, and an indeterminate term of 3½ to 7 years' imprisonment on the conviction of criminal possession of a weapon in the third degree, to run concurrently with the conviction of criminal possession of a dangerous weapon in the first degree and consecutive to the convictions of assault in the first degree and reckless endangerment in the first degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is modified, on the law, by directing that the sentences imposed for each count of assault in the first degree shall run concurrently with each other; as so modified, the judgment is affirmed.

On November 16, 1996, a bomb exploded in the driveway of the victim's residence, severely and permanently injuring her. The defendant confessed to constructing and placing the bomb.

Contrary to the defendant's contention, he was not in custody when he voluntarily accompanied police personnel to the police station (*see People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). Additionally, under the circumstances of this case, the

length of the subsequent post-*Miranda* interview (*see Miranda v Arizona,* 384 US 436) did not render the subsequent statements involuntary (*see People v Tarsia,* 50 NY2d 1; *People v Miles,* 276 AD2d 566). To the extent that the comments of the officers regarding the victim's condition can be viewed as deceptive, they were not so fundamentally unfair as to deprive the defendant of due process (*see People. v Tarsia, supra; People v Bebeck,* 258 AD2d 660).

The defendant's contention that discrepancies existed between his alleged confession and the evidence at trial, and between the testimony of various witnesses, merely raised credibility issues. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Crossland,* 251 AD2d 509; *People v Langley,* 232 AD2d 427). Further, contrary to the defendant's contention, he was not denied the effective assistance of counsel (*see People v Rivera,* 71 NY2d 705, 709; *see also People v McCann,* 85 NY2d 951; *People v Liberatore,* 79 NY2d 208).

However, the County Court erred in imposing consecutive sentences on the three counts of assault, as each count arose from a single act against a single person (*see* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640). The sentence imposed, as modified, was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Ritter, J.P., Feuerstein, Smith and Adams, JJ., concur.