■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN DIGGS, Appellant. [772 NYS2d 550]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Dickerson, J.), rendered October 1, 2002, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that showup identifications made at the crime scene by the complainant and an eyewitness were unduly suggestive is without merit (see People v Duuvon, 77 NY2d 541, 543-545 [1991]; People v Williams, 299 AD2d 569 [2002]; People v Safford, 297 AD2d 828 [2002]). The defendant's further contention that these showup identifications, made subsequent to an initial showup identification by another witness, should have been suppressed in the absence of exigent circumstances is unpreserved for appellate review (see CPL 470.05 [2]; People v Gonzalez, 55 NY2d 887, 888 [1982]; People v Martin, 50 NY2d 1029, 1031 [1980]). In any event, the initial showup identification made by a man on a bicycle, who did not witness the crime but came upon the scene immediately thereafter and pursued the defendant, did not negate the existence of exigent circumstances (see People v Duuvon, supra, at 545; People v Sturgis, 199 AD2d 549, 550 [1993]). Hence, the hearing court correctly permitted the prosecutor to elicit evidence of the subsequent identifications.

The testimony of a police officer that an eyewitness identified the defendant at the later showup did not constitute impermissible bolstering since the eyewitness could not positively identify the defendant in court on the basis of his present recollection (see CPL 60.25 [1] [a] [iii]; People v Ortiz, 253 AD2d 710 [1998]; People v Johnson, 196 AD2d 765 [1993]; cf. People v Bayron, 66 NY2d 77, 81 [1985]). Ritter, J.P., Santucci, Adams and Crane, JJ., concur.