(November 17, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER FERNANDEZ, Appellant. [804 NYS2d 81]—

Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered December 17, 2003, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 19 years to life, unanimously affirmed.

Defendant's argument that the verdict convicting defendant of depraved indifference murder (Penal Law § 125.25 [2]) was not based on legally sufficient evidence is not preserved for appellate review. Were we to review it, we would reject it. The evidence established that defendant walked over to an ongoing fight between the victim and the codefendant, beat the victim on the head with a club-like metal flashlight for at least 20 to 45 seconds, hit him with sufficient force to split open his head with one blow and crack his skull with another, and then left

him alone, lying in the middle of oncoming traffic. There was a valid line of reasoning from which a rational person could have concluded that defendant acted recklessly and with depraved indifference to human life rather than with the intent to cause death (*see People v Sanchez,* 98 NY2d 373 [2002]; *People v Atkinson,* 21 AD3d 145 [2005]).

Defendant's constitutional argument concerning the relationship between depraved indifference murder and reckless manslaughter requires preservation (*see e.g. People v Iannelli,* 69 NY2d 684 [1986]), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would reject it (*see United States v Batchelder,* 442 US 114, 123-124 [1979]; *People v Mannix,* 302 AD2d 297 [2003], *lv denied* 100 NY2d 622 [2003]).

Our determination that defendant was properly convicted of murder renders his remaining argument academic. Concur—Buckley, P.J., Nardelli, Williams, Gonzalez and McGuire, JJ.