■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEIL STAPLETON, Appellant. [840 NYS2d 606]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 11, 2004, convicting him of robbery in the first degree (two counts), burglary in the first degree (two counts), robbery in the second degree (two counts), unlawful imprisonment in the first degree (three counts), endangering the welfare of a child, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by directing that the sentences imposed for each count of burglary in the first degree shall run concurrently with each other; as so modified, the judgment is affirmed.

The Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), which allowed the prosecutor to question the defendant, should he choose to testify, on the underlying facts of four of his prior convictions, cannot be said to be an improvident exercise of the trial court's discretion (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v McLaurin*, 33 AD3d 819, 820 [2006]; *People v Davis*, 299 AD2d 420, 421 [2002]; *People v Waltower*, 270 AD2d 435 [2000]).

The complainant's failure to positively identify the defendant in court on the basis of present recollection laid the foundation for admission of third-party testimony by the arresting officer that the witness had identified the defendant on a previous occasion (*see* CPL 60.25; *People v Kopliku*, 37 AD3d 496 [2007];

*People v Diggs*, 5 AD3d 395, 396 [2004]; *People v Victor*, 271 AD2d 556, 557 [2000]; *cf. People v Quevas*, 81 NY2d 41, 45 [1993]).

The hearing court's finding that a witness was sufficiently familiar with the defendant's face to render a suggestive photographic procedure employed by the police merely confirmatory was supported by the evidence (*see People v Rodriguez*, 79 NY2d 445, 450 [1992]; *People v Simmons*, 247 AD2d 494, 495 [1998]).

However, as properly conceded by the People, the Supreme Court erred in imposing consecutive sentences for the two counts of burglary in the first degree, as both counts arose from a single act against a single person (*see* Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640 [1996]; *People v Johnson*, 33 AD3d 939, 940-941 [2006]; *People v D'Amico*, 296 AD2d 579, 580 [2002]). Accordingly, we modify the sentences on these convictions to run concurrently with each other.

The defendant's contention that the court should have given a missing witness charge is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, that contention, as well as the remaining contentions raised in the defendant's supplemental pro se brief, are without merit. Rivera, J.P., Spolzino, Florio and Angiolillo, JJ., concur.