People v Ramirez (2023 NY Slip Op 06320)

People v Ramirez

2023 NY Slip Op 06320

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Ind. No. 2339/17 Appeal No. 1163 Case No. 2020-01197 

[*1]The People of the State of New York, Respondent,
v
Ruben Ramirez, Defendant-Appellant.

David Loftis, The Legal Aid Society, New York (David Crow of counsel), and Kramer Levin Naftalis & Frankel LLP, New York (David Richards of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered December 2, 2019, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of nine years, unanimously affirmed.
Hospital records fall within the business records exception to the hearsay rule when they reflect "acts, occurrences or events that relate to diagnosis, prognosis or treatment or are otherwise helpful to an understanding of the medical or surgical aspects" of the patient's hospitalization (People v Ortega, 15 NY3d 610, 617 [2010] [internal quotation marks omitted]). Here, while a portion of the statements at issue may have provided information that would be relevant for purposes of medical diagnosis or treatment, any error in ordering the statements redacted was harmless in light of the evidence supporting the conviction (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's constitutional challenge to the prosecutor's summation is unpreserved (see CPL 470.05[2]; People v Iannelli, 69 NY2d 684 [1986]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The remarks at issue constituted permissible comment based on the evidence.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023