People v Cuevas
2026 NY Slip Op 02940
May 12, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Yonander Cuevas, Appellant.

Decided and Entered: May 12, 2026
Ind. No. 1163/10|Appeal No. 6600-6600A|Case No. 2019-4501, 2024-05535|
Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

Caprice R. Jenerson, Office of the Appellate Defender, New York (C. Taylor Poor of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

[*1]
Judgment, Supreme Court, Bronx County (Colleen D. Duffy, J. at pretrial hearings and first trial; John W. Carter, J. at retrial and sentencing), rendered October 13, 2016, convicting defendant, after a jury trial, of kidnapping in the second degree (three counts), robbery in the first degree (three counts), robbery in the second degree (three counts), burglary in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree (one count), and sentencing him to an aggregate term of 20 years; and order, same court (Judith Lieb, J.), entered on or about August 8, 2024, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). At the hearing on his CPL 440.10 motion, his trial counsel explained his strategic decision to focus on a misidentification defense, and not to admit DNA evidence at the retrial that could divert or confuse the jury. As the motion court found, the evidence at the first trial established that defendant had not handled the duct tape used to tie up the victims, and thus, it was a reasonable strategy for counsel not to introduce evidence that DNA testing of the duct tape excluded defendant and his codefendant as contributors.
The court providently denied defendant's motion to suppress the lineup identification. Based on the victim's testimony, the court found that before the lineup, the detective had told the victim, "We have the guys who robbed you, and we want you to come identify them," and that they had recovered the stolen van. However, an identification is not automatically contaminated by an officer's remark that a suspect is in custody (People v Rodriguez, 64 NY2d 738, 740 [1984]; People v Logan, 25 NY2d 184, 192 [1969], cert denied 396 US 1020 [1970]). Here, before the victim viewed the lineup, the detective stressed that the victim had to be "a hundred percent" [certain of his identification] and that it was "okay" if he did not recognize anyone. These instructions ameliorated any suggestiveness. In any event, even where a suggestive identification procedure has been suppressed, an in-court identification may be permitted where it can be shown that the proposed identification is based on the witness's independent recollection of the incident itself and not on the suggestive procedure (see People v Adams, 53 NY2d 241, 251 [1981]; People v Williams, 222 AD2d 149, 152 [1st Dept 1996], lv denied 88 NY2d 1072 [1996]). The victim's testimony at the independent source portion of the hearing established that the victim had ample opportunity to observe defendant for 5 to 10 minutes from 12 to 14 feet away during the robbery.
[*2]
The court providently denied defendant's motion to vacate judgment on the ground that the People violated their Brady obligations (see Brady v Maryland, 373 US 83, 87 [1963]). To establish a Brady violation warranting a new trial, "a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Garrett, 23 NY3d 878, 885 [2014]). Defendant satisfied the first two prongs by showing that the substantiated CCRB complaints were favorable to defendant and were suppressed by the prosecution (see People v Smith, 27 NY3d 652, 661 [2016]). However, upon examining the trial record, we find that there is no reasonable probability that the People's failure to disclose the CCRB complaints, which arose from one incident that occurred 16 years earlier, undermined the fairness of defendant's trial or impacted the verdict (see People v Guica, 33 NY3d 462, 473-474 [2019]; Ulett, 33 NY3d 512, 520 [2019]).
Defendant has not preserved his claim as to most of the remarks made by the prosecutor during summation that he challenges on appeal because at trial, he either made no objection, objected on different grounds than raised on appeal, or failed to seek a further remedy after the court sustained the objection, addressed the issue, or gave a curative instruction (see People v Romero, 7 NY3d 911, 912 [2006]). Further, defendant did not object or move for a mistrial on the ground that the remarks cumulatively denied him a fair trial; thus, his constitutional claim is unpreserved (see People v Iannelli, 69 NY2d 684 [1986], cert denied 482 US 914 [1987]). As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 144 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The remarks at issue constituted permissible comment based on the evidence and were responsive to defendant's summation arguments.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2026