■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered October 23, 1984, convicting him of murder in the second degree (two counts) and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The evidence adduced at the *Huntley* hearing amply supports the hearing court's conclusion that the defendant was not in custody when he made an incriminating statement to a detective. The defendant came to the police station without having been requested to do so and voluntarily agreed to speak with the detective. A reasonable man in the defendant's position, innocent of any crime, would not have believed himself to be in custody *(see, People v Yukl,* 25 NY2d 585, 589; *People v Goddard,* 150 AD2d 794). The fact that the defendant was advised of the *Miranda* rights, as an exercise of caution, did not render the questioning custodial *(see, People v Bailey,* 140 AD2d 356, 357-358; *People v Torres,* 97 AD2d 802, 804). Following the defendant's statement admitting to participation in the burglary, the police had probable cause to arrest him and properly did so *(see, People v Hicks,* 68 NY2d 234). Accordingly, suppression of the defendant's statement was properly denied.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's claim, it was not error for the sentencing court to direct that the sentence imposed on the burglary count run consecutively to the sentence imposed on the intentional murder count. These crimes consist of separate acts, and concurrent terms of incarceration are not mandated by Penal Law § 70.25 (2) *(see, People v Day,* 73 NY2d 208; *People v Tanner,* 30 NY2d 102, 108; *People v Ferkins,* 116 AD2d 760, 764).

The remaining contentions asserted on appeal are either without merit or unpreserved for appellate review as a matter of law, and do not warrant review in the exercise of our interest of justice jurisdiction. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.