■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BISHOP, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered October 25, 1983, convicting him of robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court's determination that the defendant's arrest was predicated on probable cause is amply supported by the record. The arrest was effected only after the police officers observed the defendant drop a gold chain from his hand to the ground upon their approach; they retrieved the chain from the ground at his feet, and the complainant immediately identified both the jewelry as hers and the defendant as her attacker (see, People v McCain, 134 AD2d 623; People v Smith, 124 AD2d 756). Hence, those branches of the defendant's omnibus motion which were to suppress the chain and his subsequent statement as the products of an illegal arrest were properly denied. Moreover, that branch of the defendant's omnibus motion which was to suppress the defendant's statement as obtained in violation of Miranda v Arizona (384 US 436) was also properly denied. The record reveals that the defendant uttered the indignant remark "[w]hat is she complaining about, she got the chain back" spontaneously and not as "the result of inducement, provocation, encouragement or acquiescence" (People v Maerling, 46 NY2d 289, 302-303; see, People v Kern, 149 AD2d 187, 220-221).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's additional claims of error with respect to the hearing court's determination and find them to be meritless. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.