■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL DE VITO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered December 17, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to

suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court did not incorrectly determine that his statements to law enforcement authorities would be admissible at trial. The record clearly establishes that the defendant's initial statements, which were exculpatory in nature, followed a period of noncustodial interrogation at the police station (see, *People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851). Indeed, the defendant admittedly agreed to voluntarily accompany the investigating detectives back to the station. The questioning which followed was conducted in a noncoercive atmosphere after the defendant was expressly told that he was not under arrest. He conversed with his wife via telephone and told her, in the detective's presence, that he did not need an attorney. As a result of this interrogation, an exculpatory statement was reduced to writing and signed by the defendant. Under these circumstances we find that a reasonable man in the defendant's position would not have believed himself to be in custody and thus the fact that the defendant's initial statement was received prior to his being advised of his constitutional rights does not render this statement subject to suppression (see, *People v Yukl, supra; People v Poywing*, 155 AD2d 561; *People v Brown*, 155 AD2d 547).

Shortly after the defendant signed this statement, he was advised that both of his sons, who were being questioned elsewhere in the police station, had implicated him in the fatal shooting of the decedent. Upon confronting the defendant with this development he was then, for the first time, advised of his constitutional rights. In response to the warning, the defendant refused the services of an attorney and reaffirmed his innocence. This statement was thus similarly properly ruled admissible as made following a knowing, intelligent and voluntary waiver of his rights (see, *People v Green*, 154 AD2d 548).

The interviewing detective then expressed his disbelief in the defendant's exculpatory version of events. The defendant offered to "tell * * * everything that happened" if the detective could guarantee that the defendant would receive a sentence of no more than "zip to four". When the detective indicated that he could make no such promise the defendant demanded that all questioning cease. The detective complied with this demand. Nevertheless, the foregoing statement was

likewise properly ruled admissible as made following an effective waiver of the defendant's rights *(see, People v Punter,* 149 AD2d 631; *People v Hamilton,* 138 AD2d 625).

During this lull in the questioning, the defendant's attorney, who had been contacted by his wife, called the station to similarly demand that all questioning cease. Counsel subsequently arrived at the station to interview the defendant and his two sons. While counsel was present with one of the sons, the interviewing detective asked the defendant if he wanted some coffee whereupon the defendant spontaneously blurted out that the detective's suspicions were correct, that he had shot the decedent because the decedent "came right at me". This inculpatory statement was thus also correctly ruled admissible as it was spontaneously offered by the defendant and was not the result of any police interrogation *(see, People v Bishop,* 155 AD2d 606; *People v Kern,* 149 AD2d 187, 220-221, *affd* 75 NY2d 638).

Furthermore, we reject the defendant's argument that the prosecution testimony adduced at the *Huntley* hearing was incredible. Determination of issues of credibility are primarily for the hearing court which had a firsthand opportunity to see and hear the testimony of the witnesses *(see, People v Hamilton, supra; People v Garafolo,* 44 AD2d 86). As the hearing court's determinations are not manifestly erroneous *(see, People v Garafolo, supra),* and are supported by the record, there is no basis to disturb them on appeal *(see, People v Gagne,* 129 AD2d 808).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.