■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALMODOVAR, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered August 26, 1985, convicting him of manslaughter in the first degree, rape in the first degree, murder in the second degree (two counts), robbery in the first degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after hearings, of those branches of the defendant's omnibus

motion which were to suppress identification testimony and statements made by the defendant (Collins, J., at *Huntley* and *Wade* hearing; Delin, J., at *Cardona* hearing).

Ordered that the judgment is affirmed.

The hearing court correctly denied suppression of the inculpatory statements made by the defendant to the police. According much weight to the determination of the hearing court, which had the advantage of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761), we find that the defendant was properly advised of his constitutional rights pursuant to *Miranda v Arizona* (384 US 436), which he waived prior to making the statements. We further find that the court properly denied suppression of the inculpatory statements made by the defendant to a fellow inmate while at the Nassau County Correctional Facility since this inmate was not an agent of law enforcement officials *(see, People v Cardona,* 41 NY2d 333, 335).

Viewing the evidence in the light most favorable to the prosecution, *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). The sentence imposed was not excessive.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.