■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 22, 1983, convicting him of murder in the second degree (four counts) and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement authorities and for a separate trial.

Ordered that the judgment is affirmed.

The defendant contends that statements he made to law enforcement authorities should have been suppressed because they were allegedly the product, *inter alia,* of coercion. We disagree. The hearing court properly credited the testimony offered by the People's witnesses and rejected the defendant's assertions that his statements were obtained by unlawful means. It is well settled that the determination of a hearing court, which saw and heard the witnesses, should be accorded great weight on appeal *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Almodovar,* 168 AD2d 454). Here, the court properly weighed the conflicting evidence presented and con-

cluded that the defendant's inculpatory statements were voluntarily made after he had knowingly waived his *Miranda* rights *(see, e.g., People v Pacheco,* 168 AD2d 465; *People v Almodovar, supra; People v De Vito,* 166 AD2d 606; *People v Glasper,* 160 AD2d 723).

Further, although the court erred in admitting the inculpatory confessions of the defendant's nontestifying codefendant, we find that the error was harmless beyond a reasonable doubt. The case at bar is distinguishable from that of the codefendant Kareem Abdul Latif, whose conviction we reversed on Confrontation Clause grounds *(see, People v Latif,* 135 AD2d 736; *Cruz v New York,* 481 US 186). Here, as in *People v Hamlin* (71 NY2d 750, 758-759), the defendant's confessions were comprehensive, satisfactorily explained his part in the crime without reference to his codefendant's statements, and were corroborated by other objective evidence *(see, People v Nelson,* 171 AD2d 702; *People v Rivera,* 171 AD2d 708).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.