◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CATALA, Appellant. [603 NYS2d 562] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered November 15, 1990, convicting him of robbery in the first degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant, who fit the description of a reported robbery suspect, was observed at night by police in a "robbery prone" location behaving suspiciously. When the plainclothes police followed the defendant into a building, the defendant initially "lunged" toward them, simulating that he had a weapon in his pocket. As a result, the defendant was stopped and frisked and a knife was recovered from his pocket. While the defen-

dant was being detained in the building, a man passed by and identified the defendant to the police as the man who had robbed him on a prior occasion. At that point the defendant was arrested.

We agree with the hearing court that the police had probable cause to arrest the defendant when he was identified by a victim as the perpetrator of another crime *(see, People v Morro,* 165 AD2d 719, 720; *People v Crosby,* 91 AD2d 20, 28). The hearing court's determinations as to credibility are afforded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence *(see, People v Prochilo,* 41 NY2d 759; *People v Almodovar,* 168 AD2d 454).

Further, under the circumstances of this case, we agree with the People that the testimony regarding the defendant's possession of a knife, the passerby's identification of the defendant as the perpetrator of another crime, and the similarity in clothes worn by the defendant and a perpetrator of another prior robbery, was properly admitted as background information necessary to complete the narrative of events leading to the defendant's arrest *(see, People v Castro,* 101 AD2d 392, *affd* 65 NY2d 683; *People v Muriell,* 128 AD2d 554), and was "inextricably interwoven" with the description of the arrest *(see, People v Ely,* 68 NY2d 520, 529; *People v Ventimiglia,* 52 NY2d 350). Thompson, J. P., Balletta, Miller and Joy, JJ., concur.