■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO ROJAS, Appellant. [633 NYS2d 356] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered August 10, 1993, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion on appeal, we find that the delay between his arrest and arraignment was not calculated to deprive him of his indelible right to counsel and that it did not render involuntary statements made by him to the police during the six-hour period *(see, People v Ortlieb,* 84 NY2d 989).* The delay was justified in part by the fact that the police were trying to elicit information from the defendant concerning the whereabouts of his cousin, an individual they believed was also involved in the instant crime *(see, People v Beckham,* 174 AD2d 748).* We note that the hearing record shows that the defendant effectively waived his *Miranda* rights

and willingly talked to the police without the presence of counsel.

We further find that the evidence at trial regarding the defendant's homosexual prostitution and immigration law violations was properly admitted because it was both necessary to complete the narrative of events leading up to the crime charged and was inextricably interwoven with the description of the events depicted *(see, People v Lemma,* 201 AD2d 669; *People v Catala,* 198 AD2d 293).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.