THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY LETMAN, Appellant. [640 NYS2d 190]

Pursuant to its powers under CPL 290.10, the court properly waited until after the People's case to determine whether to dismiss the weapon possession count. Furthermore, the defendant was not prejudiced by the fact that the jury heard testimony regarding his possession of a gun at the time of his arrest, since this testimony constituted "background information necessary to complete the narrative of events leading to the defendant's arrest", and was "inextricably interwoven" with the description of the arrest (*see, People v Catala,* 198 AD2d 293, 294, citing *People v Castro,* 101 AD2d 392, *affd* 65

NY2d 683; *People v Ely,* 68 NY2d 520, 529; *People v Ventimiglia,* 52 NY2d 350).

The sentence imposed is not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.