# (January 17, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG CRIMMINS, Appellant. — Judgment, Supreme Court, New York County (Denzer, J.), rendered September 2, 1981, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to an indeterminate term of from 20 years to life, affirmed. Defendant Crimmins admitted in his confession to the police that he had attempted to rape Helen Hagnes Mintiks on the night of July 23, 1980. He further confessed that he subsequently "kicked" Mintiks from the roof down a fan shaft. The indictment against Crimmins contained three counts. The first count charged him with intentionally killing Mintiks (Penal Law, § 125.25, subd 1). The second count accused him of causing her death while attempting to commit rape in the first degree (Penal Law, § 125.25, subd 3). The third count charged him with attempted rape in the first degree (Penal Law, §§ 110.00, 130.35). Before the case went to the jury, the trial court dismissed the attempted rape count for lack of corroboration of his confession (CPL 60.50). The trial court then submitted the first and second counts to the jury. The jury found the defendant not guilty under the first count (intentional killing) but guilty under the second count (felony murder). The trial court's dismissal of the attempted rape count constituted an acquittal on that charge. We may not review the merits of that dismissal. Upon this appeal, we are required to accept the trial court's conclusion, be it correct or incorrect, that there was insufficient evidence in the record to convict the defendant of attempted rape in the first degree (People v Brown, 40 NY2d 381, cert den 433 US 913). Bound as we are by the dismissal of the attempted rape count, we find it very difficult to reconcile that acquittal with the defendant's conviction of felony murder. If there was insufficient evidence to convict of attempted rape, it would appear to us that there was insufficient evidence for the jury to find that the defendant caused the death of the victim in the course of and in furtherance of attempted rape or of immediate flight therefrom (Penal Law, § 125.25, subd 3). Approaching this same point from a different direction, the acquittal on the attempted rape charge and the conviction on the felony murder would seem to be repugnant. This repugnancy, in the absence of authority to the contrary, would seem to warrant a reversal of the conviction on the second count and a dismissal of that count (People v Kelly, 67 AD2d 1009; People v Mitchell, 64 AD2d 119). Despite our view in this matter, the recent Court of Appeals cases in this area hold otherwise. The Court of Appeals has found that an underlying felony need not be corroborated under CPL 60.50. Thus, an individual may be convicted of felony murder even though the underlying felony has been dismissed for legal insufficiency (People v Daley, 47 NY2d 916; People v Davis, 46 NY2d 780; People v Murray, 40 NY2d 327, cert den 430 US 948). We thus affirm the judgment of conviction under constraint of those Court of Appeals cases. We find no merit to the other points raised by the defendant. Concur — Murphy, P. J., Carro and Asch, JJ.

Sandler and Sullivan, JJ., concur in the result only.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VIZCARRONDO, Also Known as JOSE VICARANDO, Appellant. — Judgment, Supreme Court, New York County (Benjamin Altman, J.), rendered on November 26, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Murphy, P. J., Sandler, Fein, Milonas and Kassal, JJ.