■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. MCKAY, Appellant. — Appeal from a judgment of the County Court of Columbia County (Clyne, J.), rendered February 17, 1983, upon a verdict convicting defendant of the crime of robbery in the third degree. ¶ On February 3, 1982 at 10:30 P.M., a convenience food store located in the Village of Valatie was robbed of $156. The robber gave the impression that he was armed. He wore a sheer stocking over his face. Consequently, the store clerk was unable to identify the robber's facial features except that she was able to determine that he was a white male, which defendant is. She also observed that he was wearing blue denim pants and jacket and approximately three shirts under the jacket. The intruder made his escape in an old, dirty, pea-green station wagon with a white roof. The witness observed that the license plate bore the numbers 7538 but she was unable to remember the letters. The records of the Motor Vehicle Department revealed that a vehicle with identical features was registered in the name of defendant's wife. A vehicle fitting that description and being a 1970 Oldsmobile was observed by the police at approximately 5:00 A.M. the next morning being towed into the driveway of defendant's home. The vehicle was being towed by a truck driven by defendant's brother-in-law with defendant as a passenger. ¶ Defendant and his brother-in-law were immediately questioned by the police. Defendant stated that he had been the only person using the station wagon the previous evening and that it had been involved in an accident. The car had been towed from the accident scene to defendant's home by defendant's brother-in-law, who informed the police that he had received a call from defendant at approximately 2:00 to 3:00 A.M. asking for assistance. During the questioning, the police observed defendant wearing blue denim pants, a flannel shirt, and no jacket, although it was in February and the weather was cold. At 7:30 A.M. that same day, the police inspected the scene of the accident and discovered a blue denim jacket next to a nearby dumpster. ¶ At the trial of the action, the store clerk identified the car belonging to defendant's wife and the jacket discovered by the police as

appearing to be the same as those possessed and used by the robber. Defendant's wife testified that the car was her car and that defendant had driven off in it at 10:00 P.M. the night of the robbery and that she had not seen defendant again until he came into the yard the next morning towing her station wagon. Defendant was found guilty of robbery in the third degree and given an indeterminate sentence of 1⅔ years to 5 years in prison. ¶ The first issue raised on appeal is that it was error to receive the blue denim jacket into evidence because it had not been produced in response to a prior motion. Following arraignment, defendant made the customary demand that the People produce any property obtained from defendant. The People's response was that there was none. Shortly before the beginning of the trial, the District Attorney disclosed that he intended to introduce into evidence a jacket found at the scene of the accident which he would attempt to prove was being worn by defendant at the time of the robbery. We find defendant's contention to be completely devoid of merit. The disclosure requirement is contained in CPL 240.20 (subd 1, par [e]) and applies specifically to "property obtained from the defendant". The jacket was not obtained from defendant. It was found at the scene of an accident more than two and one-half hours after defendant had left. ¶ A more serious issue is concerned with the trial court's *Sandoval* ruling. At the hearing, it was revealed that 20 years prior thereto defendant had been convicted of petit larceny. The trial court ruled that defendant could be cross-examined in regard thereto. The ruling was error because of its remoteness (see *People v Ellis,* 94 AD2d 652). However, we hold that it was harmless error. Analysis under the harmless error doctrine does not speculate as to what defendant might have testified (*People v Williams,* 56 NY2d 236, 240), but rather, whether the evidence presented overwhelmingly linked defendant to the commission of the crime (*id.*) so as to leave no reasonable possibility that the error might have contributed to defendant's conviction (*People v Crimmins,* 36 NY2d 230, 237). The web of circumstantial evidence connecting defendant to the commission of the crime was unusually convincing. The store clerk positively identified the person driving off in the car as the person who had taken the money. The car was particularly well identified, including the four numbers on the license plate. It was a 1970 Oldsmobile being operated in 1982 which obviously would constitute something of a rarity in and of itself. The other features of the car matched the witness's description. Defendant admitted that the car had been in his possession since before the time of the robbery. This was corroborated to a major extent by the statements of defendant's wife and brother-in-law. The site of the robbery, the site of the later accident and defendant's home were all in relatively close proximity. The description of defendant's clothing by the store clerk and that worn by defendant when observed by the police appeared to be the same. The witness identified the jacket found at the accident scene as appearing to be the same as that worn by the robber. We conclude that the evidence convicting defendant was of such an overwhelming nature as to render the trial court's erroneous *Sandoval* ruling harmless. ¶ We have examined defendant's further contentions and find them to be without merit. ¶ Judgment affirmed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.