■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered January 12, 1984, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewed in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that the evidence in this case, which is wholly circumstantial, is inconsistent with the defendant's innocence and excludes to a moral certainty every other reasonable hypothesis but guilt *(see, People v Way,* 59 NY2d 361, 365).

The defendant was charged with murder in the second degree and criminal possession of a weapon in the second degree in connection with the shooting death of Ricky Fraticelli. Just before Fraticelli was shot twice in the back, the defendant was seen near him, walking in the same direction. Immediately after the shooting, the defendant was observed running from the area, and climbing onto a park wall. He jumped off the wall, landing immediately behind a car that had just backed up on a one-way street. Voices were heard

from the area of the car. One person said "Did you get him?" The response was "I think I got him twice". There were no other people in the area. The car drove off just after these statements were heard. The defendant was nowhere to be seen after the car left, which was within 30 seconds of his having jumped over the wall. The car then came speeding down the street; the defendant was seen in it.

Upon the defendant's subsequent arrest, he was found to have a live .25 caliber round of ammunition in his jacket pocket. Two .25 caliber bullets had been removed from the body of the deceased at an autopsy. They had each been fired from the same firearm, which was not recovered. Upon these facts we agree with the People that the jury could have reasonably concluded that the defendant stalked his victim and then fled in a getaway car that was positioned at the precise location where the defendant emerged from the darkness in which the shooting occurred.

During the trial, the court committed error by allowing one witness to testify that he had identified the defendant in a photograph (see, People v Griffin, 29 NY2d 91, 93). We find, however, that this error was not objected to, and was, in any event, harmless since the witness testified that he had casually known the defendant for two years prior to the shooting and because other prosecution witnesses knew him and had identified him as well. Thus, there was no prejudice to the defendant because of the very strong evidence of identity (see, People v Mobley, 56 NY2d 584, 585; People v Tisdale, 114 AD2d 869).

We have considered the defendant's other contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.