■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL HAMILTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered November 22, 1983, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him while in police custody and physical evidence.

Ordered that the judgment is affirmed.

The defendant's arguments on appeal turn on issues of credibility. It is well settled that issues of credibility are primarily to be determined by the hearing court, whose determination is entitled to great weight on appeal (see, People v Garafolo, 44 AD2d 86, 88). The hearing court, in denying suppression of the defendant's inculpatory statements, resolved the credibility issues in favor of the People. Its finding that the defendant made a knowing, intelligent and voluntary waiver of his rights pursuant to Miranda v Arizona (384 US 436) is supported by the evidence, which includes the defendant's own videotaped statement. Furthermore, a review of the totality of the circumstances (see, People v Anderson, 42 NY2d 35, 38) demonstrates that the defendant's statements were given to the police voluntarily. As the record supports the hearing court's determinations, there is no basis to disturb them on appeal (see, People v Gagne, 129 AD2d 808, 810, lv denied 70 NY2d 704).

The defendant's contention that his confession was not adequately corroborated is without merit (see, CPL 60.50; People v Lipsky, 57 NY2d 560, rearg denied 58 NY2d 824). The defendant's argument that the verdict was repugnant is similarly unavailing (see, People v Stahl, 53 NY2d 1048; People v Bruckman, 46 NY2d 1020, rearg dismissed 56 NY2d 710, 805; People v Crimmins, 99 AD2d 439, affd 64 NY2d 1072; see also, People v Davis, 46 NY2d 780). While the trial court may have committed error in permitting the cross-examination of the defendant during which the prosecutor alleged the commission of uncharged crimes, given the overwhelming evidence of guilt there is no reasonable possibility that such error might have contributed to the defendant's conviction (see, People v Crimmins, 36 NY2d 230, 237; People v Evans, 131 AD2d 502; People v Scott, 118 AD2d 881, lv denied 67 NY2d 1056; People v McKay, 101 AD2d 960, 961).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit *(see, People v Paperno,* 54 NY2d 294; *People v Lopez,* 123 AD2d 360, *lv denied* 68 NY2d 915; *see also, People v Crimmins,* 36 NY2d 230, *supra).* Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.