■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND YOUNIS, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err in denying defendant's motion to dismiss the indictment because of the delay in providing defense counsel with the statements of two prosecution witnesses. The statements had been submitted to the court by the prosecutor on a motion to dismiss an earlier indictment and were never returned to the prosecutor following the court's dismissal of that indictment. When the statements were discovered in the court's file, they were immediately given to defense counsel. Defense counsel had the statements prior to his cross-examination of the witnesses. At no time did he request an adjournment or continuance to review the statements prior to his cross-examination of the witnesses. Accordingly, under the circumstances, defendant was not substantially prejudiced by the delay in obtaining the *Rosario* material *(see, People v Ranghelle,* 69 NY2d 56, 63; *People v Rosario,* 9 NY2d 286, 289, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866).

We find no error in the trial court's refusal to dismiss the indictment because the prosecutor failed to provide the photograph of the handcuffs pursuant to a demand for discovery. CPL 240.70 (1) authorizes the trial court to impose various

sanctions because of a party's failure to comply with the discovery provisions and the determination of the appropriate sanction is left to the discretion of the trial court *(People v Kelly,* 62 NY2d 516, 521). The extreme sanctions of dismissal or preclusion of evidence are warranted only when defendant can demonstrate surprise or undue prejudice *(People v Rosario,* 124 AD2d 683, *lv denied* 69 NY2d 833; *People v Kehn,* 109 AD2d 912, 914). Here, defense counsel did not object to the photograph's admission into evidence. Moreover, the handcuffs themselves had already been admitted into evidence and there was no dispute that they belonged to defendant. Therefore, the photograph added nothing to the physical evidence but was merely cumulative. Defendant was not prejudiced by its admission. In any event, the error, if any, was harmless in view of the overwhelming evidence of defendant's guilt *(see, People v Kehn, supra,* at 914).

We conclude that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495 *on remand* 141 AD2d 553, *lv denied* 72 NY2d 856). We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Oswego County Court, Hurlbutt, J.—unlawful imprisonment, second degree, and other charges.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.