■ The People of the State of New York, Respondent, v David Glasper, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered October 30, 1987, convicting him of murder in the second degree (two counts) and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the County Court correctly denied his motion to suppress his confession based on his claim that he was placed in custody without probable cause. This confession was obtained after the defendant voluntarily accompanied detectives to a police station. Prior to his arrival at the police station, he was given his Miranda warnings (see, Miranda v Arizona, 384 US 436), which he knowingly, voluntarily and intelligently waived. Although he was present in the police station for a lengthy period, we find that a reasonable person, innocent of any crime and in the defendant's position (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851) would not have believed himself to be under arrest. Indeed, the record clearly demonstrates that the defendant was free to leave until the time when he first inculpated himself (see, e.g., People v Bailey, 140 AD2d 356). This conclusion is borne out by the fact that during the initial period of police questioning, the defendant did ask to leave after approximately five hours and he was released. Moreover, during the second period of questioning, he never asked to leave, although he was free to do so until he inculpated himself in the commission of the charged offenses.

Moreover, the defendant's claim that his confession was involuntarily obtained is belied by the record. The fact that his noncustodial interrogation was of a long duration, without more, does not establish that his confession was involuntary (see, People v Tarsia, 50 NY2d 1; People v Benitez, 128 AD2d 628). In this regard, it is significant that the defendant was

not continuously interrogated during his lengthy presence at the police station (see, People v Bailey, supra). He was given food, was allowed to use the restroom, and was not subjected to abuse or mistreatment (see, People v Croney, 121 AD2d 558). Suppression is not warranted because the police informed him of his polygraph examination results (see, People v Dyla, 142 AD2d 423, 443; People v Madison, 135 AD2d 655, 657, affd 73 NY2d 810) and of statements of witnesses which conflicted with his own account of the events (see, People v Tarsia, 50 NY2d 1, supra). Rather, it is clear that the police employed no improper threats, inducements or other unfair tactics which might have resulted in a false confession (see, People v Zehner, 112 AD2d 465, 466). Inasmuch as the hearing court's determination that the confession was properly obtained is supported by the record, we discern no basis for disturbing that determination on appeal (see, People v Hamilton, 138 AD2d 625).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.