■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PACHECO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 6, 1984, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Potoker, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress his confession to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, a review of the totality of the circumstances *(see, People v Anderson,* 42 NY2d 35) reveals that his confession was voluntarily obtained *(see, People v Hamilton,* 138 AD2d 625). After learning of the defendant's complicity in this dual homicide and robbery case from a confidential informant, the investigating detectives left word with the defendant's acquaintances, that they wanted to speak with him. He evidently received this message because he voluntarily appeared at the police station *(see, People v Glasper,* 160 AD2d 723). He was advised of his *Miranda* rights which he voluntarily, knowingly and intentionally waived. After a brief noncustodial interrogation, the defendant offered a full confession to shooting the decedent during the commission of an armed robbery *(see, People v Proctor,* 135 AD2d 751; *People v Benitez,* 128 AD2d 628). Despite the defendant's possible subjective feelings of intimidation by the interrogating officers, their actions did not rise to the level of coercion *(cf., People v Anderson, supra; People v Leonard,* 59 AD2d 1). Moreover, notwithstanding the defendant's unsupported

claims of physical abuse, the record amply supports the hearing court's determination that the confession was voluntary *(see, People v Glasper, supra; People v Hamilton, supra; People v Gagne,* 129 AD2d 808).

We have reviewed the defendant's remaining contentions and find them to be without merit *(see, e.g., People v Galloway,* 54 NY2d 396; *People v Turcius-Umana,* 153 AD2d 707; *People v Younis,* 144 AD2d 964; *People v Rawlings,* 144 AD2d 500; *People v Crawford,* 130 AD2d 678). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.