■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE POBLAH, Appellant. [609 NYS2d 828] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered October 10, 1991, convicting him of murder in the second degree (six counts), assault in the first degree, arson in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant killed two small children and seriously injured his former girlfriend when he set their home ablaze with gasoline.

Contrary to the defendant's assertions on appeal, he was not

in custody when initially questioned by the police *(see, People v Centano,* 76 NY2d 837; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). Therefore, the evidence acquired during this time was not obtained in violation of his *Miranda* rights *(see, People v Centano, supra; People v Glasper,* 160 AD2d 723). Moreover, even if the defendant had met his burden of showing that he was represented by counsel on another unrelated matter *(see, People v Rosa,* 65 NY2d 380; *People v Glover,* 139 AD2d 530), his argument that this evidence was acquired in violation of his right to counsel would also fail. A defendant may now waive his right to counsel on a charge unrelated to a charge upon which he is actually represented, even without counsel being present *(see, People v Bing,* 76 NY2d 331). Further, there are no facts on the record which would indicate that the defendant's consent to search certain personal property was involuntarily given *(see, People v Anderson,* 42 NY2d 35; *People v Glasper, supra).*

In addition, as the police had ample probable cause to arrest the defendant, the identification of the defendant by three witnesses was not the product of an illegal arrest *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Rodriquez,* 64 NY2d 738; *People v Javier,* 175 AD2d 182; *People v Grams,* 166 AD2d 717). We note that the photographic identification of the defendant occurred prior to his arrest and, therefore, could not have been a product of that arrest.

The trial court did not improvidently exercise its discretion when it denied the defendant's postverdict motion pursuant to CPL 330.30 without a hearing *(see, People v Friedgood,* 58 NY2d 467; *People v Simon,* 178 AD2d 447; *People v Bellamy,* 158 AD2d 525; *People v Fusillo,* 94 AD2d 802).

We have considered the defendant's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.