■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GRACE, Appellant. [665 NYS2d 584] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered May 9, 1995, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a weapon in the second degree, crimi-

nally using drug paraphernalia in the second degree (two counts), and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing concurrent sentences of an indeterminate term of 20 years to life imprisonment on the conviction of criminal possession of a controlled substance in the first degree, an indeterminate term of 5 to 15 years imprisonment on the conviction of criminal possession of a weapon in the second degree, and a determinate term of one year imprisonment on each of the convictions of criminal use of drug paraphernalia in the second degree and criminal possession of marihuana in the fifth degree. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements to law enforcement authorities and physical evidence.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed for criminal possession of marihuana in the fifth degree from one year to three months imprisonment; and as so modified, the judgment is affirmed.

The defendant contends that the People failed to prove a voluntary waiver of his *Miranda* rights because the police failed to ask him whether, having been apprised of his rights, he was still willing to answer questions. However, because the defendant failed to raise this specific contention at the hearing or in his motion papers, this issue is unpreserved for appellate review (*see, People v Tutt,* 38 NY2d 1011; *People v Alexander,* 226 AD2d 548). In any event, an implicit waiver was established on this record (*see, People v Sirno,* 76 NY2d 967). The circumstances surrounding the defendant's admissions to police do not indicate that his admissions were coerced (*cf., People v Anderson,* 42 NY2d 35).

The maximum term of imprisonment upon a conviction of criminal possession of marihuana in the fifth degree is three months (Penal Law §§ 221.10, 70.15 [2]). Therefore, the determinate term of one year imprisonment imposed upon that conviction is reduced to three months. The sentence was not otherwise excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit or do not warrant reversal. Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.