■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWON SMITH, Appellant. [756 NYS2d 255] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered March 22, 2001, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove his guilt by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-20 [1995]; *People v Udzinski,* 146 AD2d 245, 250 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to support his conviction of assault in the first degree (*see* Penal Law § 120.10 [2]). The evidence showed that the defendant, after giving an order to cut the victim, participated in an attack where he and several accomplices kicked, punched, and slashed her with box cutters and knives, causing a severe life-threatening 13-inch laceration to her scalp, a three-inch laceration above her lip, and a laceration to the right side of her mouth, leaving permanent scars. In addition, the victim suffered two lacerations on the inner lip and a laceration above the right buttock. Thus, the People established the defendant's guilt of assault in the first degree by legally sufficient evidence under an acting-in-concert theory (*see People v Brathwaite,* 63 NY2d 839, 842 [1984]). The fact that two of the People's witnesses had unsavory backgrounds, and one of them testified pursuant to a cooperation agreement, does not render their respective testimony incredible as a matter of law (*see People v Louis,* 294 AD2d 377 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Toro,* 272 AD2d 351 [2000]; *People v McDaniel,* 233 AD2d 343 [1996]; *People v Ellis,* 188 AD2d 1043 [1992]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.