■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER REGAN, Appellant. [782 NYS2d 683]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered April 14, 2003, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence of identification was legally insufficient is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (*see Jackson v Virginia,* 443 US 307 [1979]; *People v Gillette,* 8 AD3d 496 [2004]). The defendant contends that the identification testimony of the People's five eyewitnesses was unreliable. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]).

Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant failed to preserve for appellate review the issue of improper bolstering, as his objections lacked specificity (*see* CPL 470.05 [2]; *People v West,* 56 NY2d 662 [1982]; *People v Martinez,* 1 AD3d 611 [2003]; *People v Smalls,* 293 AD2d 500 [2002]). In any event, the defendant was not denied a fair trial (*see* CPL 60.25 [1] [a] [iii]; *People v Lagana,* 36 NY2d 71 [1975], *cert denied* 424 US 942 [1976]; *People v Nival,* 33 NY2d 391 [1974]; *People v Diggs,* 5 AD3d 395 [2004], *lv denied* 2 NY3d 798 [2004]; *People v Ortiz,* 253 AD2d 710 [1998]).

The defendant's claim that the enhanced sentence violated his constitutional right to have a jury determine his status as a persistent violent felony offender is unpreserved for appellate review, as he failed to object to the persistent violent felony statement or the constitutionality of his prior convictions (*see People v Rosen,* 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Callahan,* 80 NY2d 273, 281 [1992]; *People v Horn,* 7 AD3d 638 [2004]). In any event, as the defendant's sentence was enhanced solely based upon his recidivism (*see* Penal Law § 70.08 [1] [a]), he was not entitled to a jury trial to determine the facts of his prior felony convictions (*see People v Rice,* 285 AD2d 617 [2001]; *see also Green v Herbert,* 2002 WL 1587133, 2002 US Dist LEXIS 13108 [SD NY, July 18, 2002]).

The defendant's remaining contentions are without merit. H. Miller, J.P., S. Miller, Krausman and Goldstein, JJ., concur.