# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**332**

**KA 08-00650**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL L. WELLBORN, ALSO KNOWN AS GHOST,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (John R. Schwartz, A.J.), rendered October 1, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, burglary in the first degree, robbery in the second degree and burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]) and burglary in the first degree (§ 140.30 [4]).

We reject defendant's contention that he did not receive effective representation at trial (*see generally People v Baldi*, 54 NY2d 137, 147). Defendant failed to meet his burden of " 'demonstrat[ing] the absence of strategic or other legitimate explanations' " for certain alleged failures of defense counsel (*People v Benevento*, 91 NY2d 708, 712), and we note that other alleged shortcomings of defense counsel identified by defendant are belied by the record. Defendant failed to preserve for our review his contention that he was denied a fair trial based on prosecutorial misconduct during summation (*see* CPL 470.05 [2]) and, in any event, that contention lacks merit. The alleged misconduct by the prosecutor on summation, including statements that the case was "simple" and that certain inferences were "pretty clear," remained within " 'the broad bounds of rhetorical comment permissible' " during summations (*People v Williams*, 28 AD3d 1059, 1061, *affd* 8 NY3d 854).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342,

349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  While a different result would not have been unreasonable, upon our review of the record we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see Bleakley*, 69 NY2d at 495).  "The fact that two of the People's witnesses had unsavory backgrounds . . . does not render their respective testimony incredible as a matter of law" (*People v Adams*, 302 AD2d 601, *lv denied* 100 NY2d 592).

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court