■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY TEASLEY, Appellant. [930 NYS2d 451]—

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations.

An officer issued a wanted poster containing defendant's photograph. This was based on a chain of circumstantial evidence that was sufficient to establish probable cause, which does not require proof beyond a reasonable doubt (*see generally People v Bigelow*, 66 NY2d 417, 423 [1985]). Under the circumstances, defendant's criminal history was a relevant factor in developing probable cause, but it was not the principal basis for the officer's suspicion of defendant.

Another officer recognized defendant from the wanted poster and lawfully arrested him. The arresting officer was entitled to act under the fellow officer rule. In any event, the arresting officer saw defendant commit a violation in the officer's presence. Therefore, the officer was also entitled to arrest defendant on that basis (*see People v Lewis*, 50 AD3d 595 [2008], *lv denied* 11 NY3d 790 [2008]).

While defendant was under arrest, the police lawfully obtained statements from him. Based on those statements and other information, the police obtained a valid warrant for defendant's storage space.

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.