■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McCORD, Appellant. [20 NYS3d 98]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ozzi, J.), rendered May 24, 2012, convicting him of burglary in the first degree, robbery in the second degree (two counts), assault in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to present legally sufficient evidence of his guilt of burglary in the first degree. Specifically, the defendant contends that the evidence was insufficient to establish that his entry into the subject dwelling was unlawful (*see* Penal Law § 140.30). Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that he had no license or privilege to enter the dwelling, and therefore his entry was unlawful (*see* Penal Law § 140.00; *cf. People v Graves*, 76 NY2d 16, 20 [1990]; *People v Miller*, 32 NY2d 157, 159 [1973]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt as to burglary in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court did not err in allowing the defendant to represent himself at trial. The record, as a whole, demonstrates that the defendant made a knowing, voluntary, and intelligent decision to waive his right to counsel and to proceed pro se (*see People v Crampe*, 17 NY3d 469, 481-482 [2011]; *cf. People v Arroyo*, 98 NY2d 101, 103-104 [2002]; *People v Slaughter*, 78 NY2d 485, 491 [1991]; *Matter of Lawrence S.*, 29 NY2d 206, 208-209 [1971]). Contrary to the defendant's assertion, neither the United States Supreme Court nor the New York Court of Appeals has "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel" (*Iowa v Tovar*, 541 US 77, 88 [2004]; *see People v Crampe*, 17 NY3d at 482). The trial court adequately warned the defendant of the risk inherent in proceeding pro se, and apprised him of the singular importance of the lawyer in the adversarial system of adjudication (*see People v Crampe*, 17 NY3d at 482; *People v Smith*, 92 NY2d 516, 520 [1998]; *People v Arroyo*, 98 NY2d at 104).

The defendant failed to preserve for appellate review his challenge to the Supreme Court's instruction to the jury with respect to the "knowingly" element of the crime of burglary in the first degree (*see* CPL 470.05 [2]; Penal Law §§ 15.05 [2]; 140.30). In any event, the court's charge, taken as a whole, conveyed the correct standard to the jury (*see People v Umali*, 10 NY3d 417, 426-427 [2008]; *People v Drake*, 7 NY3d 28, 32 [2006]; *People v Ladd*, 89 NY2d 893, 895 [1996]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.