■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD S. DAVIS, Appellant. [30 NYS3d 575]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered April 24, 2014, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any

event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]).

The defendant did not preserve for appellate review his argument that a proper foundation was not laid pursuant to CPL 60.25 to support the admission of testimony regarding a pretrial lineup identification (*see People v Jenkins*, 205 AD2d 642, 643 [1994]). In any event, this argument is without merit because all of the foundational requirements of CPL 60.25 were met in this case (*see People v Hernandez*, 154 AD2d 197, 200-202 [1990]).

Finally, under the circumstances of this case, any error that occurred in connection with a police officer's testimony regarding the action he took upon the completion of a lineup was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error in this regard might have contributed to the defendant's conviction (*see People v Johnson*, 57 NY2d 969, 970 [1982]; *cf. People v Bacenet*, 297 AD2d 817, 818 [2002]). Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.