People v Ball (2018 NY Slip Op 03991)





People v Ball


2018 NY Slip Op 03991


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2015-01907
 (Ind. No. 2228/12)

[*1]The People of the State of New York, respondent,
v
Raymond Ball, appellant.


Randall D. Unger, Bayside, NY, for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni C. Piplani, Meredith D'Angelo, Joseph N. Ferdenzi, and Joseph Z. Amsel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered March 4, 2015, convicting him of robbery in the second degree (two counts), assault in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ronald D. Hollie, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence, identification testimony, and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the hearing court's determinations that there was probable cause for the defendant's arrest, and accordingly, to deny suppression of physical evidence, identification testimony, and the defendant's statements to law enforcement officials (see People v Mason, 119 AD3d 710, 711; People v Cotsifas, 100 AD3d 1015, 1015; People v McNeil, 47 AD3d 647, 647; People v Vasquez, 291 AD2d 465, 465; People v Jackson, 282 AD2d 473, 474).
The defendant did not preserve for appellate review his argument that a proper foundation was not laid pursuant to CPL 60.25 to support the admission of testimony regarding the complainant's identification of the defendant at a pretrial showup (see People v Davis, 139 AD3d 966, 967; People v Jenkins, 205 AD2d 642, 643). In any event, that argument is without merit (see People v Davis, 139 AD3d at 967; People v Rivera, 308 AD2d 602, 603; People v Polite, 228 AD2d 705, 706; People v Hernandez, 154 AD2d 197, 202).
Contrary to the defendant's contention, the record, as a whole, demonstrates that the defendant's decision to waive his right to counsel and to proceed pro se was unequivocal, knowing, voluntary, and intelligent (see People v Paulin, 140 AD3d 985, 987; People v Malone, 119 AD3d 1352, 1354; People v Lewis, 114 AD3d 402, 404-405). The trial court's extensive inquiry established the defendant's ability to represent himself and emphasized the dangers and disadvantages of proceeding without counsel (see People v McCord, 133 AD3d 689, 690; People v Zalevsky, 82 AD3d 1136; People v Damon, 78 AD3d 860).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court