People v Houston (2020 NY Slip Op 01696)





People v Houston


2020 NY Slip Op 01696


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Manzanet-Daniels, J.P., Singh, Moulton, González, JJ.


4358/16 11239 11238

[*1] The People of the State of New York, Respondent,
v
Clarence Houston, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Darius Wade, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (Margaret E. Knight of counsel), for Clarence Houston, appellant.
Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), and Arnold & Porter Kaye Scholer LLP, New York (Molly McGrath of counsel), for Darius Wade, appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.



Judgments, Supreme Court, New York County (Michael J. Obus, J.), rendered December 15, 2017, convicting defendants, after a jury trial, of criminal possession of a weapon in the second degree (four counts), and sentencing defendant Clarence Houston, as a second violent felony offender, to concurrent terms of 10 years, and sentencing defendant Darius Wade to concurrent terms of 8 years, unanimously affirmed.
Defendants, whose postverdict arguments had no preservation effect, did not preserve their legal insufficiency claims, and we decline to review them in the interest of justice. As an alternative holding, we reject these claims on the merits, and we also find that the verdicts were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The evidence established that defendants possessed two loaded and operable pistols. Although these weapons were not recovered, there was overwhelming circumstantial evidence that defendants shot the victim, who did not cooperate with the authorities. Defendants were both seen holding pistols on surveillance videotapes, shortly before the nearby shooting of the victim, in which 18 shots were fired. The recovery of cartridge cases showed that two different types of pistols were used. An eyewitness saw defendants running from the scene, and the evidence also included video evidence that they not only fled, but sought to hide their pistols in car wheels. There was also video evidence from before the shooting supporting an inference that defendants were about to engage in coordinated violent behavior. Under the circumstances of this case, defendants' speculation that another person or persons might have fired the shots is unavailing.
Both defendants challenge the admission of surveillance video recordings, but defendant Houston failed to preserve those challenges, and we decline to review his claims in the interest of justice. Alternatively, we reject both defendants' arguments that the videos were not properly authenticated. "The totality of the evidence, including the relationship of the videotapes at issue to other videotapes that were undisputedly authenticated, supported the inference that the [*2]videotapes at issue depicted the relevant events, and any alleged uncertainty went to the weight to be accorded the evidence rather than its admissibility" (People v Mercedes, 172 AD3d 599, 600-01 [1st Dept 2019], lv denied 33 NY3d 1071 [2019]). By a variety of methods, testifying officers were able to verify the accuracy of the videos at issue and the times at which they were recorded. Accordingly, the foundation was established by "reasonable inferential linkages"
that were far from being "tenuous and amorphous" (People v Patterson, 93 NY2d 80, 85 [1999]).
We perceive no basis for reducing the sentences.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK