People v Murphy (2021 NY Slip Op 05033)





People v Murphy


2021 NY Slip Op 05033


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING, JJ.


2019-07239
 (Ind. No. 236/18)

[*1]The People of the State of New York, respondent,
v
Charles Murphy, appellant.


Patricia Pazner, New York, NY (Priya Raghavan of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Matthew Harnisch of counsel; Emily Aguggia on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Evelyn L. Braun, J.), rendered May 28, 2019, convicting him of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), and reckless endangerment in the first degree in connection with a shooting incident in Queens. After a nonjury trial, the defendant was convicted of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the shooter beyond a reasonable doubt. Contrary to the defendant's contention, the complainant's testimony was not incredible as a matter of law, since it was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Guzman, 134 AD3d 852, 853; see People v Calabria, 3 NY3d 80, 82).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, the complainant "never equivocated about [his] core testimony identifying [the] defendant as the person who shot [at him]" (People v Villa, 174 AD3d 438, 438-439; see People v Carmona, 185 AD3d 600, 602), and the other evidence, including the surveillance videos, corroborated the complainant's identification testimony.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit (see CPL 470.05[2]; People v Hooks, 148 AD3d 930, 931-932; People v Guerrero, 129 AD3d 1102, 1103).
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court