People v Davis (2022 NY Slip Op 00261)





People v Davis


2022 NY Slip Op 00261


Decided on January 13, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 13, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Ind No. 4014/17 Appeal No. 15059 Case No. 2019-5500 

[*1]The People of the State of New York, Respondent,
v
Ronald Davis, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.



Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered May 29, 2019, convicting defendant, after a jury trial, of robbery in the first degree (two counts), attempted robbery in the first degree, criminal possession of a weapon in the third degree (three counts) and unlawful imprisonment in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 22 years to life, unanimously affirmed.
The court providently exercised its discretion in denying defendant's motion for severance of charges relating to three store robberies. The charges were joinable as legally similar pursuant to CPL 200.20(2)(c), and defendant failed to make a sufficient showing for a discretionary severance pursuant to CPL 200.20(3). Among other things, videotapes showed defendant in or near each of the three stores, and he was linked to all three robberies by physical evidence recovered at the time of his arrest on the day after the third robbery. Although the video footage for the first robbery was clearer than the footage related to the other two incidents and the People's summation improperly connected the separate counts' evidence in suggesting what the jury "would have to believe" "[i]n order for the defendant to not be guilty," there was no material variance in the quantity of proof, and the court instructed the jury to consider the evidence of each separately (see People v Lane, 56 NY2d 1, 8-9 [1982]; People v Streitferdt, 169 AD2d 171, 176 [1st Dept 1991], lv denied 78 NY2d 1015 [1991]).
The court providently exercised its discretion in admitting a backpack, its contents, and a hat recovered from defendant upon his arrest, because the totality of the evidence provided a reasonable assurance of the identify and unchanged condition of those pieces of evidence, and the gap in the chain of custody went to the weight of this evidence, not its admissibility (see People v Hawkins, 11 NY3d 484, 494 [2008]; People v Julian, 41 NY2d 340, 342-343 [1977]). There is no reason to doubt that the items received in evidence were the same items recovered from defendant, or that they remained in the same condition.
The court providently exercised its discretion in admitting certain surveillance videotapes that were challenged by defendant on the ground of lack of authentication. The totality of the circumstances supported the inference that the recordings at issue depicted the relevant events (see People v Houston, 181 AD3d 477 [1st Dept 2020], lv denied 35 NY3d 1027 [2020]). These circumstances included the relationship of the footage at issue to other footage that was undisputedly authenticated, the simple tests of the video equipment  not requiring any expertise  performed by the police very shortly after the videos were made, and the videos themselves, which raise no doubt about their authenticity. In any event, we find any error in admitting the particular videos at issue to be harmless (see People v Crimmins, 36 [*2]NY2d 230, 242 [1975]).
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. The court properly concluded that the police had probable cause to arrest defendant, because he matched the robber's description and because the officer was able to recognize defendant from photos derived from the surveillance videotapes (see People v Teasley, 88 AD3d 490 [1st Dept 2011], lv denied 19 NY3d 977 [2012]). The hearing record also supports the court's alternative finding that the officer lawfully arrested defendant based on her observation of defendant's knife in plain view.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2022