People v Vega (2025 NY Slip Op 03746)

People v Vega

2025 NY Slip Op 03746

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2019-11016
 (Ind. No. 2241/18)

[*1]The People of the State of New York, respondent,
v
Enrique Vega, Jr., appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered August 29, 2019, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant contends that statements he made to law enforcement officials while being transported in a police vehicle after the administration of Miranda warnings (see Miranda v Arizona, 384 US 436, 444) should have been suppressed, since the totality of the circumstances indicates that his waiver was not voluntary. However, since the defendant failed to raise this specific argument in support of suppression at the Huntley hearing (see People v Huntley, 15 NY2d 72), it is unpreserved for appellate review (see CPL 470.05[2]; People v Tutt, 38 NY2d 1011, 1012-1013; People v Grace, 245 AD2d 387, 388). In any event, the defendant's contention is without merit. The People established beyond a reasonable doubt that the defendant's statements were voluntarily made after he knowingly, voluntarily, and intelligently waived his constitutional rights, and were not the product of coercion (see Miranda v Arizona, 384 US at 444; People v Lexune, 236 AD3d 1060; People v Pacheco, 168 AD2d 465, 465). Accordingly, the County Court properly denied suppression of those statements.
The defendant also contends that a proper foundation was not laid to support the admission of a photo array into evidence. However, this contention is unpreserved for appellate review (see People v Davis, 139 AD3d 966, 967; People v Hester, 122 AD3d 880, 881; People v Regan, 11 AD3d 640, 641). In any event, this contention is without merit, since all of the foundational requirements of CPL 60.25 were met in this case (People v Tyme, 222 AD3d 783, 784; People v Griffin, 203 AD3d 1608, 1612-1613).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity [*2]as the shooter beyond a reasonable doubt (see People v Murphy, 197 AD3d 1257, 1258; People v Gillette, 8 AD3d 496, 497; People v Mouchette, 192 AD2d 561, 561). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on the count of murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant contends that the identification testimony of the People's eyewitnesses was unreliable due to their criminal records and history of drug use. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see People v Pitts, 47 AD3d 845, 846; People v Regan, 11 AD3d at 640-641; People v Smith, 302 AD2d 615, 616). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see People v Regan, 11 AD3d at 641).
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of criminal possession of a weapon in the second degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), we find that it was legally sufficient to establish the defendant's guilt on those counts beyond a reasonable doubt. Moreover, upon reviewing the record here, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Although the firearm was not recovered, there was overwhelming circumstantial evidence supporting the convictions (see People v Taylor, 224 AD3d 930; People v Houston, 181 AD3d 477, 478; People v Cohens, 81 AD3d 1442, 1444; People v Rivera, 126 AD2d 579, 580).
Further, the defendant's contention that he was deprived of the effective assistance of counsel by defense counsel's failure to preserve certain claims for appellate review is without merit (see People v Escalona, 237 AD3d 968, 968; People v Faustin, 236 AD3d 675, 675). The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Maxwell, 89 AD3d 1108, 1109), and the defendant was not deprived of the effective assistance of counsel under the New York Constitution (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147) or the United States Constitution (see Strickland v Washington, 466 US 668).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court